IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE POINDEXTER,<br><br>    Petitioner,<br><br>  v.<br><br>J. LYNCH, et al.,<br><br>    Respondents. | No. 2:21-CV-0887-JAM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is Petitioner's petition for a writ of habeas corpus, ECF No. 1.

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that Petitioner is not entitled to federal habeas relief.

This action was initiated on a form habeas corpus petition. See ECF No. 1. Section 12 of the form petition, wherein Petitioner is asked to state his grounds for relief and supporting facts, is blank. See id. at 4-5. Instead, Petitioner attaches additional pages to his filing setting forth his claims. See id. at 8-14. In the attached pages, Petitioner states that his action is filed under 42 U.S.C. § 1983. See id. at 8. Petitioner sets forth facts alleging he was subjected to

excessive force while incarcerated at California State Prison – Sacramento. See id. at 8-14.

When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983. See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); see also Skinner v. Switzer, 131 S.Ct. 1289, 1298-99 n.13 (2011) (stating that ". . .when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus' and may be brought, if at all, under § 1983"). Any claim that does not necessarily shorten an inmate's incarceration, if successful, falls outside the scope of habeas jurisdiction. See Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011); see also Nettles v. Grounds, 788 F.3d 992 (9th Cir. 2015) (discussing loss of good-time credits). Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

When a habeas corpus action is filed which states claims cognizable under § 1983, the district court may recharacterize the action as a civil rights action where the action is amenable to such recharacterization. See Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (en banc). A habeas action is amendable to recharacterization when it names the correct defendants and seeks the correct relief. See id. If the district court is inclined to recharacterize a habeas action as a civil rights action, it may only do so after "notifying and obtaining informed consent from the prisoner." Id.

Petitioner's action cannot proceed under 28 U.S.C. § 2254 because he challenges the conditions of his confinement and not the fact or duration of confinement. By these findings and recommendations, the Court notifies Petitioner of its willingness to recharacterize Petitioner's action as a civil rights action under 42 U.S.C. § 1983 because Petitioner has named the correct

defendants and seeks the proper relief for such an action.  If, in response to these findings and recommendations, Petitioner informs the Court of his consent to recharacterization of the action, the Court will vacate the findings and recommendations and direct that the matter proceed under 42 U.S.C. § 1983.  If Petitioner does not do so within the time provided, the matter will be presented to the assigned District Judge for dismissal as a habeas action.

Based on the foregoing, the undersigned recommends that Petitioner's petition for a writ of habeas corpus, ECF No. 1, be summarily dismissed unless Petitioner consents to recharacterization within the time provided below.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 9, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3